| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(b)**<br>**BIELLI & KLAUDER, LLC**<br>Angela L. Mastrangelo, Esquire (No. 239652019)<br>Thomas D. Bielli, Esquire (*pro hac vice*)<br>Bielli & Klauder, LLC<br>1905 Spruce Street<br>Philadelphia, PA 19103<br>Telephone: (215) 642-8271<br>Email: mastrangelo@bk-legal.com<br>Email: tbielli@bk-legal.com<br>*Counsel to Debtor, Anthony M. Labetti* | |
| In re:<br><br>Anthony M. Labetti,<br><br>        Debtor. | Chapter 11<br>(*Subchapter V Small Business*)<br><br>Case No.: 24-11282<br>Honorable Jerrold N. Poslusny, Jr.<br><br>Objection Deadline: November 5, 2024<br>Hearing Date: November 12, 2024 at 11:00 a.m.<br>Courtroom: 4C |
| CACL Federal Credit Union,<br><br>        Plaintiff,<br>v.<br><br>Anthony M. Labetti, *et al.*,<br><br>        Defendants. | Adv. Pro. No. 24-01425-JNP<br><br>Objection Deadline: November 5, 2024<br>Hearing Date: November 12, 2024 at 11:00 a.m.<br>Courtroom: 4C |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
ANTHONY M. LABETTI TO APPROVE THE SETTLEMENT AGREEMENT
<u>AMONG ANTHONY M. LABETTI AND CACL FEDERAL CREDIT UNION</u>**

Anthony M. Labetti, as the above-captioned debtor and defendant (the "<u>Debtor</u>"), by and through his undersigned attorneys, Bielli & Klauder, LLC, hereby submits this Memorandum of

1

Law in Support of the Debtor's Motion (the "Motion")[1] for the entry of an order (the "Order") Approving the Settlement Agreement Among the Debtor and CACL Federal Credit Union (the "Settlement Agreement") attached as Exhibit A to the Certification of Anthony M. Labetti in support of the Motion (the "Labetti Certification"). In support of his Motion, the Debtor incorporates the Labetti Certification as if set forth herein and respectfully represents as follows:

## I.     PRELIMINARY STATEMENT

Prior the Debtor's bankruptcy filing, the Debtor purchased a business known as Longo's Bakery which manufactured and sold pizza crusts and related products.  In connection with the Debtor's business, CACL Federal Credit Union ("CACL") made certain loans to Bakery Boy, LLC ("Bakery Boy") and Bakery 52, LLC ("Bakery 52"), consisting of a Building Loan, Line of Credit, and Equipment Loan, each of which required the Debtor's personal guarantee.

As set forth in Labetti's Certification, disputes arose between the Debtor and CACL which resulted in a series of litigations in Schuylkill County CCP.  Pursuant to a prepetition Forbearance Agreement, assets of Bakery Boy and Bakery 52 consisting of the Hazleton Property and equipment and fixtures were to be liquidated by NAI and PPL.  PPL conducted an Auction and CACL applied the proceeds to reduce the Equipment Loan and Credit Line, however certain Assets remained unsold and at still at the Hazleton Property.  The Hazleton Property remained unsold. Once the Debtor's business was closed, the Debtor opened a new business Tony's Food selling third-party pizza products.  However, additional disputes arose between the Debtor and CACL and Tony's Pizza was shut down.

In his attempt at a fresh start, Debtor commenced his bankruptcy proceeding and started a new business TPM. However, during the course of the bankruptcy proceeding, disputes with

---

[1] Capitalized terms herein shall have the meaning ascribed to such term in the Labetti Certification or Settlement Agreement, except as expressly provided otherwise.

2

CACL continued, including but not limited to the Discharge Litigation against the Debtor and his businesses, CACL's Objection to Confirmation of the Debtor's Small Business Plan of Reorganization, and the Debtor's objections to CACL's POCs.

As a result of an informal mediation with the Trustee, the Debtor and his businesses, have reached an agreement to settle all of the disputes between them and CACL, as detailed in Labetti's Certification and the Settlement Agreement. The settlement was a result of hours of negotiations with the assistance of the Trustee, and lengthily analysis by the parties to the settlement of each other's positions. The settlement contemplated by the Settlement Agreement will resolve with certainty the disputes between the Parties, and the claims CACL against the Debtor. The settlement reach by the Debtor falls within the range of reasonableness and is fair and in the best interest of the Debtor's estate.

## II.   PROCEDURAL BACKGROUND

The Debtor's case was commenced on February 9, 2024, by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") and the Debtor's Chapter 11 case was assigned docket number 24-11282 (JNP). On February 21, 2024, the United States Trustee pursuant to 11 U.S.C. § 1183(a) appointed Douglas S. Stanger, Esquire as the Subchapter V Trustee ("Trustee") in the Debtor's case.

The Debtor filed his Small Business Plan of Reorganization ("Plan") on May 9, 2024, and a hearing is scheduled for November 21, 2024. On May 29, 2024, CACL filed a Motion for Temporary Allowance of Claim(s) for the Purpose of Voting to Accept or Reject the Plan Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure ("Motion for Temporary Allowance"), which is pending before the Bankruptcy Court. On May 30, 2024, CACL submitted

3

two Ballots voting to reject the Plan based on its 2 secured claims, POC 10 and POC 12, and two Ballots voting to reject the Plan based on its 2 general unsecured claims, POC 11 and POC 14 (collectively, "CACL Ballots"). On June 13, 2024, CACL filed an Objection to the Debtor's Plan ("Objection to Confirmation"), which is pending before the Bankruptcy Court.

In addition, CACL filed an adversary proceeding against me, Bakery Boy, Bakery 52, Tony's Food and TPM asserts claims under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(6), 727(A)(2)(a), and 12 Pa C.S.A. § §5101, *et seq.*, which is pending before the Bankruptcy Court on May 20, 2024, which was assigned adversary proceeding docket number 24-01425 (JNP) ("Discharge Litigation"). On June 18, 2024, Bakery Boy, Bakery 52, Tony's Food and TPM filed a Motion to Dismiss the Discharge Litigation ("Motion to Dismiss"), which is pending before the Bankruptcy Court. On June 20, 2024, Labetti filed an Answer with Affirmative Defenses and Counterclaims to CACL's Discharge Litigation ("Counterclaims to Discharge Litigation"), which is pending before the Bankruptcy Court. Debtor has denied any liability and asserts that it has affirmative defenses to CACL's Claim.

The Parties engaged in informal mediation with the Trustee on August 8, 2024. As a result of the mediation, and with the assistance of the Trustee, the Parties have entered into a Settlement Agreement which provides for a resolution of to resolve the Objection to Confirmation, Motion for Temporary Allowance, Discharge Litigation, Motion to Dismiss, Counterclaims to Discharge Litigation, any objection to the CACL POCs, as well as the Building Loan Confessions of Judgment, Equipment Loan Confession of Judgment, Line of Credit Confession of Judgment, CCP Answer and Counterclaims, and the CCP Litigation. The Parties have agreed that resolution of the claims short of adjudicative litigation, best serves the interests of the Debtor's bankruptcy estate, the Debtor's creditors, and the Parties to the Settlement Agreement.

The disputes between the Parties was vigorously disputed, contested and expensive. While the Debtor believes he would prevail in the related disputes, the Debtor wishes to settle the disputes, the outcome of which is uncertain. The settlement ensures a complete and final resolution of the CACL claims.

Terms of the settlement agreement provide, *inter alia*, as follows:

>  A.     Settlement Payment.  The Debtor agrees and acknowledges that CACL shall be paid the total amount of $260,000.00 in the following manner: CACL shall vote its Claims 10,11 and 12 in favor of a the Debtor's Plan, as amended, which shall incorporate by reference the terms of the Settlement Agreement.
>
> >  i.     CACL shall receive distributions under the Debtor's confirmed Plan ("Confirmed Plan") for the three years of the Confirmed Plan;
>
> >  ii.    CACL shall be paid $100,000 within one (1) year after the final payment is due under the Confirmed Plan; and
>
> >  iii.   The deficiency, if any, between $260,000.00 and the payments to CACL in subsection (a) and the payments in (b) above ("Deficiency") shall be paid within one (1) year of the final payment being due in subsection (b).  CACL shall receive from or on behalf of Labetti the sum of $260,000.00 and a deed in lieu of foreclosure for the Hazleton Property.
>
> > >  a.     The Deficiency, if any, will be secured by the Debtor's substitute collateral ("Substitute Collateral") and if the Debtor fails to tender Substitute Collateral, then CACL will be entitled to a non-dischargeable debt for the amount of any Deficiency. The Substitute Collateral shall be a lien on property owned by Labetti's in the amount of the Deficiency and may be in the form of a second mortgage on Labetti's real property located at 126 and 130 Maple Ave Oaklyn, New Jersey. However, as long as payments are made pursuant to the Settlement Agreement, CACL will not undertake any efforts to enforce or pursue payment as against the substitute collateral.
>
> > >  b.     In the event of default in payment of the Deficiency, CACL shall provide notice of the default setting forth the amount in default ("Default Notice") to those parties listed

in the Settlement Agreement, and providing a ten (10) day cure period ("Cure Period").

c.  If the default, as set forth in the Default Notice, is not cured within the Cure Period, CACL may move to reopen the Bankruptcy Case and file a "Certification of Default" with the Bankruptcy Court.

d.  If such Certification of Default is filed with the Bankruptcy Court, Labetti shall have five (5) days to file a response to the Certification of Default and request a hearing ("Response").

e.  If no Response is filed, or the Bankruptcy Court determines that there is an uncured default, the Bankruptcy Court may enter a non-dischargeable judgment in the amount of the unpaid balance of the $260,000 that remains outstanding and CACL may pursue any remedies allowable by law. Counsel for CACL shall hold in escrow a stipulation by the debtor and debtor's counsel that the sum of $260,000 less credits for payments received is non-dischargeable per 11 USC § 523 until default when the stipulation may be filed with the Court as part of the entry of a judgment declaring the $260,000 less payments received. Accompanying any application, CACL shall provide a certification of the amounts still due and its ledger.

B.  Tradenames. Labetti owns and may continue to own and use any and all Tradenames (as defined herein), trademarks, trade dress, artwork, logos, shelf space, and may continue to utilize same whether formerly or currently owned or used by Labetti, Bakery Boy, Bakery 52, Tony's Foods or TPM, or that are own or used by Labetti, including any future tradenames or trademarks to be owned or used by Labetti and may continue to utilize same. For the avoidance of any doubt, Tradenames includes anything related to the products sold by Bakery Boy, Bakery 52, Tony's Food, TPM or Labetti, whether previously sold, currently sold, or to be sold in the future.

C.  Products and Marketing. Labetti owns and may continue to own and use any and all products and marketing materials, including but not limited to recipes, websites, phone numbers, customers, and related information, whether formerly used by Bakery Boy, Bakery 52, and/or Tony's Food and formerly or currently used by TPM and/or Labetti and may continue to utilize same. For avoidance of any doubt, marketing materials include anything related to the sale of products by Bakery Boy,

6

Bakery 52, Tony's Food, TPM and Labetti, whether previously sold, currently sold, or to be sold in the future.

D.  <u>Amended Plan</u>.  Upon entry of the Settlement Order, Labetti shall file with the Bankruptcy Court an Amended Plan with revised Projections, and a proposed form of Order ("<u>Amended Plan</u>"), which shall incorporate the relevant terms of the Settlement Agreement as it relates to CACL and resolution of any other objection to the Plan.

E.  <u>CACL POCs</u>.  Upon entry of the Settlement Order and within ten (10) days of the filing of the Amended Plan, CACL proofs of claim numbered 10, 11 and 12 (collectively, "<u>POCs</u>") shall be deemed allowed as general unsecured claims and shall be paid in the same percentage as all other general unsecured claims. CACL's proof of claim 14 shall be disallowed and receive no payment under the Confirmed Plan. Upon the receipt by CACL of the deed in lieu of foreclosure for the Hazleton Property and $260,000 either through the Amended Plan or as may be provided for in this Settlement Agreement, CACL's POCs shall be deemed satisfied.

F.  <u>CACL Ballots</u>. Upon entry of the Settlement Order and within five (5) days of the filing of an Amended Plan, CACL shall submit revised Ballots voting in favor of the Amended Plan, and withdraw its objection to the Plan so long as it incorporates the terms of the Settlement Agreement.

G.  <u>CCP Litigations and Confessions of Judgment</u>. CACL shall, within fourteen (14) days of entry of the Order approving the Amended Plan deliver praecipes to have the Judgments[2] as to Labetti and Bakery 52 and Bakery Boy marked satisfied, and the CACL Lawsuits[3] marked settled discontinued and ended of record. In addition, CACL and Anthony Labetti shall jointly execute a praecipe to settle, discontinue, and end the litigation filed to Case No. S-504-2022, in which CACL made claims against Mr. Labetti and in which Mr. Labetti made counterclaims against CACL. Notwithstanding the foregoing, CACL reserves the right to mark any judgment which it confessed or default judgment as satisfied, and to execute any documents which it deems necessary to release any lien obtained via a confessed judgment or judgment by default.

H.  <u>Deed in Lieu</u>.  Bakery Boy shall provide a deed in lieu of foreclosure in favor of CACL Federal Credit Union for the Hazleton Property, the commercial real property located at 138 W. 21st Street, Hazleton, PA, within thirty (30) days of the entry of an Order Confirming the Debtor's Amended Plan. The Deed in Lieu shall be in recordable form and shall include any

---

[2] Collectively, the Building Loan Confessed Judgment, the Credit Line Confessed Judgment, and the Equipment Loan Confessed Judgment are defined as the "Judgments".
[3] CACL Lawsuits means collectively the Credit Line Litigation, CCP Answer and Counterclaims, CCP Litigation and the Adversary Proceeding, any other claims by or against Labetti or CACL.

7

necessary additional documents required for recording. The Deed in Lieu shall be prepared by counsel for CACL.

I.     <u>Mutual Releases</u>.

    i.     Effective upon entry of the Order Confirming the Debtor's Amended Plan, CACL, for itself and for its respective stockholders, officers, directors, affiliates, successors, assigns and employees (the "<u>CACL Releasors</u>") shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Bakery Boy, Bakery 52, Tony's Food, TPM, and Labetti (including any d/b/a of Labetti, and Labetti's bankruptcy estate) (collectively, "<u>Labetti Releasees</u>") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the CACL Releasors have, has, had, may have or may claim to have against the Labetti Releasees from the beginning of time to the date of the Settlement Agreement; <u>provided</u> <u>that</u> the foregoing release shall not limit nor be deemed to limit the rights of the CACL Releasors to enforce this Settlement Agreement in accordance with its terms, which includes the receipt by CACL of the $260,000 sum and the deed in lieu of foreclosure for the Hazleton Property. The Releases from CACL in favor of Labetti, the bankruptcy estate, Bakery Boy, Bakery 52, Tony's Food, TPM, and including any d/b/a of Labetti shall not be effective until CACL has received the deed in lieu of foreclosure for the Hazleton Property and entry of an order confirming the Debtor's Amended Plan.

    ii.     Effective upon the entry of the Order confirming the Debtor's Amended Plan, Bakery Boy, Bakery 52, Tony's Food, TPM, and Labetti (including any d/b/a of Labetti, and Labetti's bankruptcy estate) for themselves and for their respective owners, members, stockholders, officers, directors, affiliates, successors, assigns and employees (collectively the "<u>Labetti Releasors</u>") shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged CACL Federal Credit Union for itself and for its respective members, officers, directors, affiliates, successors, assigns and employees (the "<u>CACL Releasees</u>") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands

    whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Labetti Releasors have, has, had, may have or may claim to have against the CACL Releasees from the beginning of time to date of this Settlement Agreement; provided that the foregoing release shall not limit nor be deemed to limit the rights of Labetti Releasors to enforce this Settlement Agreement in accordance with its terms.

  J. <u>Non-Disparagement</u>.  Unless otherwise required by law, each Party agrees and covenants that such Party shall not at any time make, publish or communicate to any person, entity, or reporting business or credit agency or in any public forum any defamatory or disparaging remarks, comments or statements concerning any other Party or such Party's business or any associated third parties, now or in the future related to the disputes between the Parties or this Settlement Agreement.  For the avoidance of any doubt, any credit reporting related to the loans and guarantees shall be marked "Paid Account, Zero Balance".

See Exhibit "A" to Labetti Certification.  The summery herein of the terms is intended as a summary only and all parties in interest are encouraged to read the Settlement Agreement.  To the extent that there are any discrepancies between the summary contained herein and the terms contained in the Settlement Agreement, the terms of the Settlement Agreement as approved by the Court shall control.

  The Debtor and the other Parties have negotiated the proposed Settlement Agreement in good faith. The Settlement is an arm's length, good faith and reasonable resolution to the disputes between the Parties.  In accordance with the terms of the Settlement Agreement, the Debtor brings this Motion seeks approval of the Settlement Agreement under Federal Rule of Bankruptcy Procedure 9019 and § 105 of the Bankruptcy Code and requesting entry of the proposed Order Approving the Settlement Agreement.

### III. <u>JURISDICTION AND VENUE</u>

  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (I), (J), and (O).

## IV. RELIEF REQUESTED

Federal Rule of Bankruptcy Procedure 9019(a) provides "on motion by the [debtor] and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bank. P. 9019. "The decision to approve or disapprove a settlement is within the sound discretion of the bankruptcy judge." *See In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. §105(a).

Sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) empower a bankruptcy court to approve a proposed compromise and settlement when it is in the best interest of the debtor's estate and its creditors. See *In re Marvel Entm't Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998). "To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy." *In re Martin*, 91 F.3d at 393; see also, *In re Nutraquest, Inc.*, 434 F.3d 539, 644 (3d Cir. 2006). In essence, a court will approve a settlement when it is fair and equitable and in the best interests of the estate. *Key3Media Group, Inc. v. Pulver.com, Inc.*, 336 B.R. 87, 93 (Bankr. D. Del. 2005).

In assessing whether a settlement proposed by the Debtor should be approved, courts are not supposed to have a "mini-trial" on the merits, "but should canvass the issue to see whether the settlement falls below the lowest point in the range of reasonableness." *In re Jasmine, Ltd.*, 258 B.R. 199, 123 (D.N.J. 1999) (emphasis added) (citations and quotations omitted). Furthermore, the Third Circuit has also "noted that a court deciding whether to approve a settlement in bankruptcy 'relies heavily on the trustee,' and under normal circumstances the court would defer

to the trustee's judgment so long as there is a legitimate business justification." *Jasmine*, 258 B.R. at 123 (*quoting In re Martin*, 91 F.3d at 395). Indeed,

> [t]he lenient standards concerning approval of settlements and a limited scope of review reflect the considered judgment that little would be saved by the settlement process if bankruptcy courts could approve settlements only after an exhaustive investigation and determination of the underlying claims. The applicable standards encourage courts to approve settlements in bankruptcy proceedings and related actions.

*In re Purofield Down Products Corp.*, 150 B.R. 519, 522.23 (S.D.N.Y. 1983).

In *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968), the Supreme Court instructed as to those factors to be considered in determining whether to approve a settlement. The factors outlined by the Supreme Court in *Anderson* have been uniformly summarized, by the Third Circuit, as follows:

> a. the probability of success in litigation;
> b. the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it;
> c. the difficulties, if any, to be encountered in the matter of collection; and
> d. the paramount interest of the creditors.

*See Martin*, 91 F.3d at 393 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)*; In re Pa. Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broad. Of Philadelphia, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

Bankruptcy Rule 9019 authorizes this Court to approve the settlement entered into by the Parties. The decision whether to accept or reject a compromise is committed to the sound discretion of the Bankruptcy Court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." *See Louise's, 211 B.R. at 801; see also In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

11

The settlement need not be the best that the debtor could have achieved, but must only fall "within the reasonable range of litigation possibilities." *See In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court is not to substitute its own judgment for that of the debtor. *See Neshaminy Office Bldg.*, 63 B.R. at 803. Moreover, it is not necessary for the court to conduct a truncated trial of the facts of the merits underlying the dispute. *See Grant Broad.*, 71 B.R. at 396; *see also In re A&C Prop.*, 784 F.2d 1377, 1384 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986). Rather, the court need only "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness." *See Neshaminy Office Bldg.*, 62 B.R. at 803, *quoting In re W.T. Grant Co.*, 4 B.R. 53, 69 (S.D.N.Y. 1977).

The Settlement reached by the Debtor clearly falls within the range of reasonableness for the purpose of satisfying Rule 9019 criteria. In the present case, the Settlement Agreement in fair, reasonable, and in the best interest of the estate. The Debtor has engaged in protracted litigation with CACL for three (3) years, and the dispute between the Parties involves numerous complex issues, counterclaims, offsets and defenses. Not only would the continuation of the disputes between the Parties be costly and time consuming for the Parties, there are uncertainties in connection with future litigation, including potential for appeals, which could delay final determination of claims against the Debtor for a significant period of time, as well as delaying the Debtor's bankruptcy proceeding for other creditors. The Parties to the Settlement Agreement spent hours in negotiations, and analyzed the claims and defenses raised by each other in order to resolve all issues between them. The Settlement Agreement resolves all the disputes against the Parties to the Settlement Agreement with certainty.

The Settlement falls within a reasonable range of litigation possibilities, and preserves the Debtor's estate to move forward with a plan of reorganization, that will pay a distribution to all

allowed claims over three (3) years. In exercising his business judgment, the Debtor has determined that the Settlement is in the best interest of the Debtor's estate and its creditors and that the uncertainty of continued motion practice and litigation will increase the burden on the Debtor's estate. The Bankruptcy Court need only canvas the issues between the Debtor and CACL to determine that the Settlement does not fall below the lowest point in the range of reasonableness, and that the Settlement Agreement should be approved pursuant to Rule 9019 and §105 of the Bankruptcy Code.

### V.  CONCLUSION

WHEREFORE, the Debtor respectfully request that this Honorable Court enter an order in the from attached hereto approving the Motion and Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019, and permitting the Debtor to execute same to, and providing such other and further relief as is deemed just and equitable.

                          Respectfully submitted,

Dated: October 11, 2024      By: */s/ Angela L. Mastrangelo*
                                    Angela L. Mastrangelo, Esquire
                                    Thomas D. Bielli, Esquire (*pro hac vice*)
                                    **BIELLI & KLAUDER, LLC**
                                    1905 Spruce Street
                                    Philadelphia, PA 19103
                                    Phone: (215) 642-8271
                                    tbielli@bk-legal.com
                                    mastrangelo@bk-legal.com

                                    *Attorneys for Debtor Anthony M. Labetti*